EDWARD J. WILSON, RESPONDENT, *v.* FRANCIS M. RANDALL, APPELLANT.

*Sale of land by acre — mistake in survey — action to recover money paid for.*

The plaintiff agreed to purchase of the defendant certain land, supposed to contain fifty-four fifteen one-hundredths acres, at $350 per acre. Subsequently, and before the delivery of the deed, defendant caused the land to be surveyed and found that it contained fifty-six fifteen one-hundredths acres, for which number of acres the plaintiff paid the agreed price. Subsequently it appeared, from a survey, made by the plaintiff, that the farm only contained forty-eight forty-seven one-hundredths acres. *Held*, that the plaintiff was entitled to recover the difference between what he actually paid, and what he should have paid for forty-eight forty-seven one-hundredths acres, at $350 per acre.

*Held*, further, that it was competent to prove what transpired between the parties, prior to the execution and delivery of the deed.

APPEAL from a judgment, in favor of the plaintiff, entered upon the trial of this action by the court, without a jury.

*Marshall & Verplanck*, for the appellant.

*Michael Nolan*, for the respondent.

BARNARD, P. J.:

The plaintiff agreed to buy of the defendant, a piece of land in Westchester county, described by metes and bounds in the written contract, and stated therein as, " containing fifty-four and fifteen one-hundredths acres of land, be the same more or less, for the sum of $350, per acre." Before the deed was given therefor, the defendant stated to plaintiff that there was, by accurate measurement, two acres more. Plaintiff took the deed for the land and paid for fifty-six acres and fifteen one-hundredths of an acre at $350 per acre. It is now established that there were but forty-eight acres, and forty-seven one-hundredths of an acre. As to the two acres paid for beyond the quantity stated in the contract, there is a clear case proven, where $700 has been paid under a mutual mistake of facts. The plaintiff however claims to recover $2,688, being for the excess paid by him for the land beyond the real quantity at $350 per

acre. On the trial it was proven that the land was sold by the acre; that a survey was made before the contract was signed, and by mistake was made to contain fifty-four and fifteen one-hundredths acres. This quantity was put in the contract. The defendant caused a new survey to be made after the contract was signed and before the deed, and found it to contain two acres more. The deed was given for this quantity and payment made for this quantity. The real quantity was forty-eight and forty-seven one-hundredths acres. The plaintiff had judgment for the whole sum. Two objections are urged on appeal. First, that the evidence of what happened before the contract was inadmissible; and second, that the complaint does not aver a mistake and the evidence was therefore inadmissible.

As to the last objection, the complaint states that the land was sold by the acre and so bought. That both parties believed the land to contain fifty-six and fifteen one-hundredths acres, and that under this mistaken belief one party paid and the other received $2,688, over and above the proper amount. These averments seem to be sufficient. I think the evidence of the transaction was admissible. It was admissible to show the surrounding circumstances and thus furnish evidence on which to construe the contract.

Similar evidence was introduced to show fraud in an executed contract in *Belknap* v. *Sealey* (14 N. Y., 143). The court found no fraud, but did find mistake and gave relief. The Court of Appeals upheld the judgment. In this case the court cite with approval, a case where relief was granted for a mistake in an executed contract. (*Thomas* v. *Perry*, 1 Peters' C. C., 49.)

I think the judgment should be affirmed, with costs.

TALCOTT and PRATT, JJ., concur.

Ordered accordingly.